UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**TERESA E. DEAN, individually
and as parent and natural guardian
for J.D.J.**,

        *Plaintiffs*,

  vs.

**SCHOOL DISTRICT OF THE CITY OF
NIAGARA FALLS, NEW YORK,
CARMEN GRANTO,
CYNTHIA A. BIANCO,
MARIA CHILLE ZAFUTO,
JO A. HOLODY**,

        *Defendants*.

Civil Action No. 07-CV-0094

---

# MEMORANDUM OF LAW

      **HISCOCK & BARCLAY, LLP**
      *Attorneys for the Defendants,*
      *School District of the City of Niagara Falls, New York, Carmen Granto, Cynthia A. Bianco, Maria Chille Zafuto, and Jo A. Holody*
      1100 M&T Center
      Three Fountain Plaza
      Buffalo, New York 14203-1414
      Telephone: (716) 856-5400

Dennis R. McCoy
Frank V. Balon
 *of Counsel*

BULIB01\737257\1

## PRELIMINARY STATEMENT

This memorandum of law is submitted on behalf of the defendants School District of the City of Niagara Falls, New York ("District"), Carmen Granto, Cynthia A. Bianco, Maria Chille Zafuto, and Jo A. Holody (collectively referred to as the "District defendants") in support of their cross-motion for summary judgment which seeks dismissal of plaintiffs' complaint in its entirety. This memorandum of law is also submitted in opposition to plaintiffs' motion to compel.

The District defendants' cross-motion must be granted as to plaintiffs' claims under the Individuals with Disabilities Education Act (IDEA), the Fourteenth Amendment to the United States Constitution, and 42 U.S.C. 1983 in that prior to commencing this action Ms. Dean failed to exhaust the administrative remedies available to her. As a result of Ms. Dean's failure to exhaust her administrative remedies, this Court does not possess subject matter jurisdiction over any of plaintiffs' Federal law claims. Since subject matter jurisdiction over the Federal claims is lacking, no basis exists for this Court to exercise supplemental jurisdiction over plaintiffs' state law claims for defamation and assault and battery and, as such, the State law claims must also be dismissed.

Since this Court does not possess jurisdiction over any of plaintiffs' claims, plaintiffs' motion to compel, including plaintiffs' request for an award of expenses/sanctions, must be denied. No amount of discovery can change the fact that Ms. Dean failed to exhaust her administrative remedies, and this fact mandates that plaintiffs' motion be denied, the District defendants' motion be granted, and this action be dismissed.

## STATEMENT OF FACTS

The facts material to this motion are set forth in the statement of undisputed material facts, dated May 2, 2008, the declaration of Frank V. Balon, dated May 2, 2008, and the affidavit of Maria Chille-Zafuto, sworn to May 1, 2008, and will be repeated only for the purposes of discussion.

## ARGUMENT

## POINT I

### MS. DEAN'S FAILURE TO EXHAUST HER ADMINISTRATIVE REMEDIES PRIOR TO FILING THIS ACTION MANDATES DISMISSAL OF PLAINTIFFS' CLAIMS UNDER THE IDEA, 42 U.S.C. 1983, AND THE FOURTEENTH AMENDMENT

**A.    The Administrative Remedies That Were Available To Ms. Dean**

Plaintiffs allege in their responses to the District defendants' first set of interrogatories that prior to filing this action "[p]laintiffs had no administrative remedies available to them nor were they required to follow any …." These allegations are incorrect. It is irrefutable that administrative remedies were available to Ms. Dean whereby she could have obtained a formal and complete administrative review and adjudication of the issues she has raised in this action relating to the provision of a free appropriate education to the infant plaintiff, J.D.J. As fully discussed below, it is likewise irrefutable that Ms. Dean was required to exhaust all administrative remedies available to her prior to commencing this action and that her failure to do so mandates dismissal of the action.

The IDEA mandates that states provide a parent, like Ms. Dean, with administrative remedies specifically designed to help ensure the education of her children. *See* 20 U.S.C.S. § 1415(a). These remedies include, among others, the opportunity to present a complaint with

respect to the provision of a free appropriate education to a child, like J.D.J. 20 U.S.C.S. § 1415(b)(6). The IDEA specifically provides a parent presenting a complaint with the right to request an impartial due process hearing before the relevant state educational agency or local educational agency. 20 U.S.C.S. § 1415(f)(1). The IDEA also requires states to provide the parent with corresponding rights to 1) be accompanied and advised by counsel; 2) present evidence; and 3) cross-examine witnesses. 20 U.S.C.S. § 1415(h). The IDEA also provides the parent with rights to receive a written record of proceedings and to receive written findings of fact and decisions. 20 U.S.C.S. § 1415(h).

Pursuant to the IDEA's mandate, New York State provides a process by which a parent, like Ms. Dean, may present a complaint and obtain a due process hearing relative to any matter relating to the provision of a free appropriate education to her child. *See* 8 N.Y.C.R.R. § 200.5(i) and (j). In order to begin the administrative process, the parent (or the attorney representing the student) must provide a detailed written notice of her complaint to the relevant school district. *See* 8 N.Y.C.R.R. §§ 200.5(i)(1-2) and (j)(1). Upon receipt of such a notice, the school district's board of education is required to immediately appoint an impartial hearing officer and to arrange for a due process hearing. *See* 8 N.Y.C.R.R. § 200.5(j)(3)(i-iii).

Pursuant to the IDEA's mandate, New York provides parties to a due process hearing with various rights. These rights include, among others, opportunities to 1) be accompanied and advised by legal counsel; 2) present evidence; 3) compel the attendance of witnesses and confront and question all witnesses. *See* 8 N.Y.C.R.R. § 200.5(j)(3)(vii, xii). A written record of the hearing is required to be maintained and made available to the parties. *See* 8 N.Y.C.R.R. § 200.5(j)(3)(v). The hearing officer is generally required to render a written decision not later

than forty-five days after receipt from the board of education of a hearing request.  *See* 8 N.Y.C.R.R. § 200.5(j)(5).

New York also provides a process by which a parent may appeal a decision rendered by a hearing officer.  Upon the parent's request, the hearing officer's decision will be reviewed by a review officer of the New York State Education Department.  8 N.Y.C.C.R.R. § 200.5(k)(1).  Generally, a final written decision by the review officer must be rendered within 30 days of the receipt of the request for review.  8 N.Y.C.C.R.R. § 200.5(k)(2).

As fully discussed below, Ms. Dean's failure to exhaust the administrative remedies outlined above, including the full hearing and appeal processes, mandates dismissal of plaintiffs' claims under the IDEA, the Fourteenth Amendment, and 42 U.S.C. 1983.

**B.   Ms. Dean's Failure To Exhaust Her Administrative Remedies Mandates Dismissal Of Her IDEA Claim**

An individual may not commence a lawsuit based upon alleged violations of the IDEA unless she first exhausts all administrative remedies available to her.  *See Polera v. the Board of Education of the Newburgh Enlarged City School District*, 288 F.3d 478 (2d Cir. 2002); *Combier-Kapel v. Biegelson*, 242 Fed. Appx. 714 (2d Cir. 2007); *Cave v. East Meadow Union Free School District*, 514 F.3d 240 (2d Cir. 2008).  The Second Circuit has made clear that a plaintiff's failure to exhaust her administrative remedies deprives a court of subject matter jurisdiction.  *Polera supra*; *Cave, supra*; *Combier-Kapel, supra; see also*, *Hope v. Cortines*, 69 F.3d 687 (2d Cir. 1995).

The IDEA's exhaustion requirement "prevents courts from undermining the administrative process and permits an agency to bring its expertise to bear on a problem as well as to correct its own mistakes."  *Polera, supra* quoting *Heldman v. Sobol*, 962 F.2d 148 (2d Cir. 1992).  "Exhaustion of the administrative process allows for the exercise of discretion and

educational expertise by state and local agencies, affords full exploration of technical educational issues, furthers development of a complete factual record, and promotes judicial efficiency by giving these agencies the first opportunity to correct shortcomings in their educational programs for disabled children." *Polera, supra* quoting *Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298 (9th Cir. 1992); *see also, Crocker v. Tenn. Secondary Sch. Athletic Ass'n*, 873 F.2d 933 (6th Cir. 1989) ("States are given the power to place themselves in compliance with the law . . . . Federal Courts--generalists with no experience in the educational needs of handicapped students--are given the benefit of expert fact-finding by a state agency devoted to this very purpose.").

In this action, no dispute whatsoever exists regarding the fact that Ms. Dean did not prior to filing this action exhaust all administrative remedies available to her. Indeed, it is undisputed that Ms. Dean did not even attempt to pursue, let alone exhaust, any of her administrative remedies. In their responses to the District defendants' first set of interrogatories plaintiffs admit that Ms. Dean did not pursue her administrative remedies. It is beyond credible dispute that Ms. Dean's failure to satisfy the IDEA's exhaustion requirement mandates dismissal of plaintiffs' IDEA claim.

**C.  Ms. Dean's Failure To Exhaust Her Administrative Remedies Mandates Dismissal Of Her Claims Under the Fourteenth Amendment and 42 U.S.C. 1983**

It is well settled that in cases where relief is available to a plaintiff under the IDEA, the IDEA's exhaustion requirement equally applies to the plaintiffs' claims brought under the Fourteenth Amendment and/or Federal Statutes, such as 42 U.S.C. 1983. *See* 20 U.S.C.S. § 1415(l); *Polera, supra; Cave, supra; see also, J.S. v. Attica Cent. Schs.*, 386 F.3d 107 (2nd Cir. 2004) (".... the students asserted .... a Section 1983 claim that .... seek[s] to ensure a free appropriate public education, thus subjecting ....[it] to the IDEA exhaustion requirement."). It is equally well settled that while the IDEA does not provide for recovery of compensatory damages

or punitive damages, a plaintiff may not sidestep the IDEA's exhaustion requirement by seeking such damages in connection with claims under the Fourteenth Amendment and/or 42 U.S.C. 1983. *Polera, supra*; *Cave, supra*.

In *Polera,* the plaintiff, a disabled student, brought suit against the defendant city school district and others based upon allegations that she was not provided with a free appropriate education. Ms. Polera asserted various claims including ones under the Fourteenth Amendment and Federal statutes other than the IDEA. The plaintiff sought as relief, among other things, (1) reimbursement of educational expenses; and (2) attorneys' fees and costs. She also sought recovery of both compensatory damages and punitive damages.

Following trial, the district court entered judgment in favor of Ms. Polera and awarded damages to her. On appeal, the Second Circuit Court of Appeals reversed the judgment of the district court and dismissed all of the plaintiff's claims based upon her failure to exhaust her administrative remedies prior to filing suit. In doing so, the Court of Appeals found that since relief was available to Ms. Polera under the IDEA, the IDEA's exhaustion requirement was applicable to all her claims. *Polera, supra*.

The Second Circuit held that while neither compensatory nor punitive damages are available under the IDEA, the fact that Polera sought such damages did not excuse her from the IDEA's exhaustion requirement. The Court of Appeals, quoting *Charlie F. v. Board of Education of Skokie School District*, 98 F.3d 989 (7th Cir. 1996), reasoned that, "[t]he theory behind the grievance may activate the IDEA's process, even if the plaintiff wants a form of relief that the IDEA does not supply .... We read 'relief available' to mean relief for the events, condition, or consequences of which the person complains, not necessarily relief of the kind the person prefers." *Polera, supra*.

In this action, as fully set forth in the District defendants' statement of facts, the record establishes that plaintiffs' claim under the Fourteenth Amendment and plaintiffs' claim under 42 U.S.C. 1983 are both premised upon the very same theory that plaintiffs' IDEA claim is premised upon; namely, that defendants failed to provide J.D.J. with a free appropriate education. It is irrefutable that this theory subjects both the Fourteenth Amendment claim and the 42 U.S.C. 1983 claim to the exhaustion requirement of the IDEA, which was enacted, "…. To ensure that all children with disabilities have available to them a *free appropriate public education*." 20 U.S.C.S. § 1400(d)(1)(A) (emphasis supplied); *see also, Polera, supra; J.S., supra*.

Plaintiffs seek as relief 1) "monies for additional years of education beyond said plaintiff's twenty-first birthday;" and 2) attorneys' fees and costs. Plaintiffs also seek to recover compensatory damages and punitive damages. It is indisputable that the IDEA provides for the first item of relief sought by plaintiffs. *See Polera, supra* (" ….[Ms. Polera] could have obtained complete relief [under the IDEA] through …. Additional educational services, and, if necessary, remedial education;" noting that reimbursement of educational expenses is a form of relief available under the IDEA); *Walczak v. Fla. Union Free Sch. Dist.*, 142 F.3d 119, 129 (2d Cir. 1998). The IDEA also provides for the second item of relief sought by plaintiffs. *Polera, supra*; 20 U.S.C. § 1415(i)(3)(B).

While the IDEA does not provide for the recovery of compensatory or punitive damages, the fact that plaintiffs seek such damages in connection with their claims does not excuse Ms. Dean from the IDEA's exhaustion requirement. *Polera, supra* ("…. We read 'relief available' to mean relief for the events, condition, or consequences of which the person complains, not necessarily relief of the kind the person prefers."); *Cave, supra*.

For these reasons, plaintiffs' Fourteenth Amendment and 42 U.S.C. 1983 claims must be dismissed.

**D.    The Futility Exception to The IDEA's Exhaustion Requirement Is Not Applicable In This Matter**

The Second Circuit has recognized an exception to the IDEA's exhaustion requirement in cases where exhaustion would be futile because administrative procedures do not provide adequate remedies. *See e.g.*, *Heldman v. Sobol*, 962 F.2d 148 (2d Cir. 1992). It is well settled that the burden of demonstrating futility rests with the party seeking to avoid the exhaustion requirement. *Polera, supra*.

Significantly, the cases in which the Second Circuit has excused a plaintiff from the IDEA's exhaustion requirement have each involved <u>systemic</u> violations that could not be remedied by local or state administrative agencies "because the framework and procedures for assessing and placing students in appropriate educational programs were at issue, or because the nature and volume of complaints were incapable of correction by the administrative hearing process." *J.S., supra*.

For example, in *Jose P. v. Ambach*, 669 F.2d 865 (2d Cir. 1982), a group of handicapped children brought a class action suit alleging that educational authorities of New York City and New York State failed to provide them with an appropriate public education. At a hearing held in connection with the lawsuit, counsel for New York City's education commissioner acknowledged that the commissioner would be unable to expeditiously process the appeals of all the members of the plaintiff class in the event that they pursued administrative proceedings. *Jose P., supra*. Based upon this acknowledged inability to expeditiously process appeals and the complexity of the systemic educational issues involved, the Second Circuit excused the class action plaintiffs from the exhaustion requirement of the EHA (the predecessor statute to the

IDEA).  In doing so, the Second Circuit reasoned that it "could not be sure that resort to state administrative remedies would not be 'futile' for purposes of obtaining class relief." *Jose P., supra.*

In this action, plaintiffs have **not** even made any allegation whatsoever that it would have been futile for Ms. Dean to exhaust her administrative remedies. Neither plaintiffs' complaint nor their responses to the District defendants' interrogatories contain such an allegation and the record plainly establishes that this case is not in which exhaustion would have been futile.

Plaintiffs have not, nor do they possess any basis whatsoever for, alleging a systemic violation of the IDEA's mandates which cannot be resolved through resort to the administrative remedies available under New York law.  Instead, plaintiffs assert that an individual student was denied his right to a free and appropriate education.  All of the allegations contained in plaintiffs' complaint relate solely to J.D.J.'s individual educational experience.  Plaintiff's complaint is a textbook example of the type of claim justifying the IDEA's exhaustion requirement.

In sum, plaintiffs have not and cannot satisfy their burden of establishing that the futility exception to the IDEA's exhaustion requirement is applicable to this matter and plaintiffs' claims under IDEA, the Fourteenth Amendment, and 42 U.S.C. 1983 must be dismissed.

## POINT II

### PLAINTIFFS' STATE LAW CLAIMS MUST BE DISMISSED

As discussed above, as a result of Ms. Dean's failure to exhaust her administrative remedies prior to filing this action, this Court does not possess subject matter jurisdiction over any of plaintiffs' Federal law claims.  Since subject matter jurisdiction over the Federal claims is lacking, no basis exists for this Court to exercise supplemental jurisdiction over plaintiffs' state law claims for defamation and assault and battery, and as such, the State law claims must be

dismissed. *See Cave, supra* (" ….[t]he district court lacks subject matter jurisdiction over appellants' federal claims. It would thus be clearly inappropriate for the district court to retain jurisdiction over the state law claims when there is no basis for supplemental jurisdiction); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966) ("Certainly, if the federal claims are dismissed before trial .... the state claims should be dismissed as well.")

## POINT III

## PLAINTIFFS' MOTION TO COMPEL MUST BE DENIED

Plaintiffs' motion to compel seeks an Order directing 1) the District defendants; and 2) certain employees of the District to appear for depositions. Plaintiffs' motion to compel also seeks an Order compelling the parties/witnesses to produce certain documents at their depositions. Plaintiffs' motion to compel also seeks an Order making an award of expenses/sanctions in favor of plaintiffs under FRCP 37(4).

It is beyond dispute that plaintiffs' motion to compel, including plaintiffs' request for an award of expenses/sanctions, must be denied in that, for the reasons previously discussed, this Court does not possess subject matter jurisdiction over any of plaintiffs' claims. Further discovery in this matter, as sought by plaintiffs, will not change the fact that Ms. Dean failed to exhaust her administrative remedies prior to filing this action, and this fact mandates that plaintiffs' motion be denied and that this action be dismissed.

## CONCLUSION

For the reasons stated in this memorandum of law, and for all those contained in the accompanying statement of facts, affidavit of Maria Chille-Zafuto, and declaration of Frank V. Balon, it is respectfully requested that this Court issue an Order 1) granting the District

defendants' cross-motion for summary judgment in its entirety and dismissing plaintiffs' complaint in its entirety; and 2) denying plaintiffs' motion to compel in its entirety.  It is also respectfully requested that this Court issue an Order awarding to the District defendants their attorneys' fees incurred in defense of this action.

**DATED**:       May 2, 2008

> Respectfully submitted,
>
> **HISCOCK & BARCLAY, LLP**
>
>
> By:   S//   Frank V. Balon
>         Dennis R. McCoy
>         Frank V. Balon
>
> *Attorneys for Defendants,*
> *School District of the City of Niagara Falls, New York, Carmen Granto, Cynthia A. Bianco, Maria Chille Zafuto, and Jo A. Holody*
> 1100 M&T Center
> Three Fountain Plaza
> Buffalo, New York 14203-1414
> fbalon@hiscockbarclay.com